UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT DAYTON

EARL RICHARDSON,

    Plaintiff,                         Case No. 3:17-cv-226

vs.

TI AUTOMOTIVE GROUP            District Judge Thomas M. Rose
SYSTEMS, *et al.*,                     Magistrate Judge Michael J. Newman

    Defendants.

---

**REPORT AND RECOMMENDATION[1] THAT: (1) THIS CASE PROCEED ON *PRO SE* PLAINTIFF'S AMENDED COMPLAINT (DOC. 9); (2) DEFENDANTS' MOTION TO DISMISS *PRO SE* PLAINTIFF'S INITIAL COMPLAINT (DOC. 8), THEREFORE, BE DENIED AS MOOT; (3) DEFENDANT'S MOTION TO DISMISS *PRO SE* PLAINTIFF'S AMENDED COMPLAINT (DOC. 10) BE GRANTED, AND THE AMENDED PLEADING AGAINST ALL DEFENDANTS BE DISMISSED; AND (4) THIS CASE BE TERMINATED ON THE COURT'S DOCKET**

---

This is a personal injury case filed *pro se* by Plaintiff Earl Richardson ("Richardson") against four Defendants: TI Automotive Group Systems ("TI"); Bundy Tubing Corporation ("Bundy Tubing"); Product Action International ("PAI"); and the Industrial Commission of Ohio ("Industrial Commission"), an agency of the State of Ohio. Claiming that he is entitled to relief under Ohio law as well as 42 U.S.C. § 1983, Richardson suggests that diversity jurisdiction and federal question jurisdiction both exist in this instance.[2]

---

[1] Attached hereto is a NOTICE to the parties regarding objections to this Report and Recommendation.

[2] The Court questions whether it has jurisdiction over this dispute, given the apparent lack of diversity between the parties and the fact that no party appears to be a state actor under § 1983. For purposes of this analysis, the Court assumes, *arguendo*, that it has jurisdiction. Lack of jurisdiction would serve as yet another reason to recommend dismissal in this instance.

Now before the Court is TI's[3] motion to dismiss Richardson's initial complaint (doc. 8). In response to the motion, Richardson filed an amended complaint. Doc. 9.[4] Thereafter, TI filed a motion to dismiss the amended complaint as well. Doc. 10. Richardson then filed a memorandum in opposition to TI's motion to dismiss the amended complaint. Doc. 11. The Court has carefully reviewed each of the foregoing, and TI's two motions are now ripe for decision.

Given that Richardson intends his amended complaint to replace his initial complaint, the Court here reviews that amended pleading and the corresponding motion to dismiss. TI's earlier dismissal motion, therefore, should be **DENIED AS MOOT**.

Additionally, this case is before the Court for a *sua sponte* review -- pursuant to 28 U.S.C. § 1915(e)(2) -- of the amended complaint filed by Richardson. Richardson filed a motion for leave to proceed *in forma pauperis* ("IFP") on July 5, 2017 (doc. 1), which the Court granted. Doc. 3. It is appropriate for the Court to conduct this review *sua sponte* "so as to spare prospective defendants the inconvenience and expense of answering such complaints." *Neitzke v. Williams*, 490 U.S. 319, 324 (1989).

## I.

**A. Fed. R. Civ. P. 12(b)(6)**

A motion to dismiss filed pursuant to Fed. R. Civ. P. 12(b)(6) operates to test the sufficiency of the complaint and permits dismissal for "failure to state a claim upon which relief can be granted." To show grounds for relief, Fed. R. Civ. P. 8(a)(2) requires that the complaint contain a "short and plain statement of the claim showing that the pleader is entitled to relief."

---

[3] Plaintiff misidentifies "TI Group Automotive Systems" as "TI Automotive Group Systems" in his complaint. Further, Bundy Tubing is a prior name for TI Group Automotive Systems as such they are, for purposes of TI's motion to dismiss, the same entity.

[4] Pursuant to Fed. R. Civ. P 15(a)(1)(B), rather than submit a memorandum in opposition to TI's motion to dismiss the initial complaint, Richardson timely filed an amended complaint.

While Fed. R. Civ. P. 8 "does not require 'detailed factual allegations' . . . it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). Pleadings offering mere "'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do." *Id*. (citing *Twombly*, 550 U.S. at 555).

In determining a motion to dismiss, "courts 'are not bound to accept as true a legal conclusion couched as a factual allegation.'" *Twombly*, 550 U.S. at 555 (citing *Papasan v. Allain*, 478 U.S. 265, 286 (1986)). Further, "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Id*.

In order "[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678. In addition to well-pleaded allegations in the complaint, the Court may also consider "matters of public record, orders, items appearing in the record of the case, and exhibits attached to the complaint," as well as documents attached to a defendant's motion to dismiss that are important to the plaintiff's claims or if referred to in the complaint. *Amini v. Oberlin College*, 259 F.3d 493, 502 (6th Cir. 2001) (citation omitted); *Composite Tech., L.L.C. v. Inoplast Composites S.A. de C.V.*, 925 F. Supp. 2d 868, 873 (S.D. Ohio 2013).

A claim is plausible where "plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. Plausibility "is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id*. "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged -- but it has not 'show[n]' -- 'that the pleader is entitled to relief.'" *Id*. at 679 (alteration in original) (citing Fed. R. Civ. P. 8(a)(2)).

While *pro se* parties must satisfy basic pleading requirements, *Wells v. Brown,* 891 F.2d 591, 594 (6th Cir. 1989), their pleadings must be liberally construed and are "held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus,* 551 U.S. 89, 94 (2007). Nevertheless, "even a *pro se* complaint 'must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face.'" *Ogle v. Columbia Gas Transmission, LLC,* 513 F. App'x 520, 522 (6th Cir. 2013) (citing *Iqbal,* 556 U.S. at 678).

**B. 28 U.S.C. § 1915(e)(2)**

In accordance with 28 U.S.C. § 1915(e)(2), this Court may perform an initial review of the instant action. *McGore v. Wrigglesworth*, 114 F.3d 601, 604-05 (6th Cir. 1997). Upon review, the Court must dismiss any case it determines is "frivolous or malicious," fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B).

A complaint should be dismissed as frivolous if it lacks an arguable basis in law or fact. *Denton v. Hernandez*, 504 U.S. 25, 31 (1992); *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). A plaintiff sets forth no arguable factual basis where the allegations asserted are "fantastic or delusional"; and presents no arguable legal basis when advancing "indisputably meritless" legal theories, *i.e.*, when the defendant is immune from suit, or when the plaintiff claims a violation of a legal interest which clearly does not exist. *Neitzke*, 490 U.S. at 327-28; *Brown v. Bargery*, 207 F.3d 863, 866 (6th Cir. 2000). Courts may also dismiss a complaint *sua sponte* for failure to state a claim upon which relief may be granted. 28 U.S.C. § 1915(e)(2)(B)(ii).

In conducting this initial review under § 1915, the Court accepts *pro se* Plaintiff's allegations as true and construes them liberally in his favor. *See Donald v. Marshall*, No. 84-3231, 1985 WL 13183, at *1 (6th Cir. Apr. 5, 1985) (stating that, "[w]hen considering a *pro se* action for dismissal pursuant to 28 U.S.C. § 1915(d), the complaint should be liberally construed

and the allegations of the complaint must be taken as true and construed in favor of the plaintiff"). However, while *pro se* pleadings are "to be liberally construed" and are "held to less stringent standards than formal pleadings drafted by lawyers," *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (*per curiam*), *pro se* plaintiffs must still satisfy basic pleading requirements. *Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989).

## II.

Richardson's claims arise out of an injury he received while working for TI. Richardson avers that he was subcontracted out by PAI in September, 2004 to work at TI's facility in Sabina, Ohio. Doc. 9 at PageID 76. In that capacity, he allegedly encountered an unsafe work environment. *Id.* He alleges his work station was surrounded by gas tanks and he saw a co-worker turn the valves on those tanks twice, resulting in his exposure to toxic gas and resulting injuries. *Id.* at 77.

These are the same claims Richardson filed in this Court -- against the same four Defendants -- in 2009. *See Richardson v. Indus. Comm'n of Ohio*, No. 3:09-cv-455, 2010 U.S. Dist. LEXIS 31581, at *1 (S.D. Ohio Jan. 29, 2010), Report and Recommendation adopted by 2010 U.S. Dist. LEXIS 25009, at *1 (S.D. Ohio Mar. 17, 2010). In that case, Judge Rose dismissed the claims against TI, Bundy Tubing, the Industrial Commission, and PAI with prejudice. *Id.* at *1.

## III.

### A. *Res Judicata*

The doctrine of *res judicata* provides that, "a final judgment on the merits bars further claims by parties or their privies based on the same cause of action." *Bragg v. Flint Bd. of Educ.*, 570 F.3d 775, 776 (6th Cir. 2009) (citing *Montana v. United States*, 440 U.S. 147, 153 (1979)). *Res judicata* applies where a defendant can show: "(1) a final decision on the merits by a court of

5

competent jurisdiction; (2) a subsequent action between the same parties or their 'privies'; (3) an issue in the subsequent action which was litigated or which should have been litigated in the prior action; and (4) an identity of the causes of action." *Id.* (citing *Bittinger v. Tecumseh Prods. Co.*, 123 F.3d 877, 880 (6th Cir. 1997)). The undersigned finds that *res judicata* applies here with respect to each of Richardson's claims.

First, the dismissal with prejudice of Richardson's 2009 federal case for toxic liability in tort, negligence and breach of duty constitutes a valid decision on the merits. A dismissal with prejudice operates as a final adjudication on the merits for purposes of determining whether *res judicata* applies. *Pedreira v. Sunrise Children's Servs.*, 802 F.3d 865 (6th Cir. 2015); s*ee Richardson v. Indus. Comm'n of Ohio*, No. 3:09-cv-455, 2010 U.S. Dist. LEXIS 25009, at *1 (S.D. Ohio Mar. 17, 2010). Second, with regard to privity, the Court notes that TI, Bundy Tubing, the Industrial Commission, and PAI were all parties to the previous lawsuit. *See Wheeler v. Dayton Police Dep't*, 807 F.3d 764, 766 (6th Cir. 2015). Finally, Richardson's factual averments here repeat the same allegations set forth in his 2009 complaint almost verbatim and, therefore, his claims arise out of the exact same transaction and either were, or should have been, asserted in the previous lawsuit. *See* doc. 8-4 at PageID 1501-02; *see also Richardson v. Indus. Comm'n of Ohio*, No. 3:09-cv-455, 2010 U.S. Dist. LEXIS 31581, at *1 (S.D. Ohio Jan. 29, 2010).

Accordingly, Richardson's claims are barred by the doctrine of *res judicata* and should be dismissed.

### B. Additional Grounds for Dismissal

Additionally, the Court notes two other grounds for dismissal. First, as stated in the 2010 dismissal of all claims against the Industrial Commission, such claims are barred by the Eleventh

Amendment to the United States Constitution. *See Richardson*, 2010 U.S. Dist. LEXIS 31581, at *1.

The Eleventh Amendment bars suits against a State by its own citizens. *Papasan v. Allain*, 478 U.S. 265, 276 (1986). The Amendment also bars actions against state agencies where the State is the real party in interest and the action seeks to recover money damages from the state treasury. *Estate of Ritter v. Univ. of Mich.*, 851 F.2d 846, 848 (6th Cir. 1988); *Ford Motor Co. v. Dep't of Treasury of State of Ind.*, 323 U.S. 459, 463 (1945).

The Industrial Commission is an agency of the State of Ohio and may not be sued in federal court for money damages. *Accord Papasan*, 478 U.S. at 276. Accordingly, Richardson's claims against the Industrial Commission of Ohio are barred by the Eleventh Amendment and should be dismissed.

Second, dismissal under Fed. R. Civ. P. 4(m) is warranted in this case. Pursuant to Rule 4(m), "[i]f a defendant is not served within 120 days after the complaint is filed, the court -- on motion or on its own after notice to the plaintiff -- must dismiss the action without prejudice against that defendant or order that service be made within a specified period." Fed. R. Civ. P. 4(m). Plaintiff bears the burden of exercising due diligence in perfecting service of process and in showing that proper service has been made. *See Byrd v. Stone*, 94 F.3d 217, 219 (6th Cir. 1996); *Jacobs v. Univ. of Cincinnati*, 189 F.R.D. 510, 511 (S.D. Ohio 1999).

To comply with the 90 day requirement set forth in Fed. R. Civ. P. 4(m), Richardson was required to serve defendants by October 3, 2017. It appears Richardson has failed to make proper service by October 3, 2017 and, to date, he has failed to present executed summonses. Richardson was previously advised that if he did not file proof of service on or before October 3, 2017, his complaint would be dismissed without prejudice under Civil Rule 4(m) for failing to timely serve Defendants. Doc. 4 at PageID 33-34. Accordingly, having failed to comply with

this Court's Order as of the date of this Report and Recommendation, Richardson's amended complaint should be dismissed.

**IV.**

Based upon the foregoing, the undersigned **RECOMMENDS** that: (1) Defendant TI's motion to dismiss Plaintiff's initial complaint (doc. 8) be **DENIED AS MOOT**; (2) Defendant TI's motion to dismiss Plaintiff's amended complaint (doc. 10) be **GRANTED**; (3) *pro se* Plaintiff's amended complaint (doc. 9) be **DISMISSED** ; and (4) this case be **TERMINATED** on the Court's docket.

Date:   November 2, 2017                                         s/ Michael J. Newman
                                                                 Michael J. Newman
                                                                 United States Magistrate Judge

**NOTICE REGARDING OBJECTIONS**

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within **FOURTEEN** days after being served with this Report and Recommendation. This period is not extended by virtue of Fed. R. Civ. P. 6(d) if served on you by electronic means, such as via the Court's CM/ECF filing system. If, however, this Report and Recommendation was served upon you by mail, this deadline is extended to **SEVENTEEN DAYS** by application of Fed. R. Civ. P. 6(d). Parties may seek an extension of the deadline to file objections by filing a motion for extension, which the Court may grant upon a showing of good cause.

Any objections filed shall specify the portions of the Report and Recommendation objected to, and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendation is based, in whole or in part, upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs.

A party may respond to another party's objections within **FOURTEEN** days after being served with a copy thereof. As noted above, this period is not extended by virtue of Fed. R. Civ. P. 6(d) if served on you by electronic means, such as via the Court's CM/ECF filing system. If, however, this Report and Recommendation was served upon you by mail, this deadline is extended to **SEVENTEEN DAYS** by application of Fed. R. Civ. P. 6(d).

Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn,* 474 U.S. 140, 153-55 (1985); *United States v. Walters*, 638 F.2d 947, 949-50 (6th Cir. 1981).