UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT DAYTON

EARL RICHARDSON,

    Plaintiff,                                            Case No. 3:17-cv-226

vs.

TI AUTOMOTIVE GROUP              District Judge Thomas M. Rose
SYSTEMS, *et al.*,                           Magistrate Judge Michael J. Newman

    Defendants.

---

**REPORT AND RECOMMENDATION[1] THAT: (1) PLAINTIFF'S MOTIONS TO CLARIFY (DOC. 18, 19) BE DENIED (DOC. 19); AND (2) THIS CASE REMAIN TERMINATED ON THE COURT'S DOCKET**

---

This civil case is before the Court on *pro se* Plaintiff's motion to clarify purportedly filed pursuant to Fed. R. Civ. P. 60(a). Docs. 18, 19. Defendants did not file memoranda in opposition to *pro se* Plaintiff's motion, and the time for doing so has expired. The undersigned has carefully reviewed *pro se* Plaintiffs' motions, and they are now ripe for decision.

Plaintiff filed his original *pro se* complaint on July 5, 2017. Doc. 1-2. On September 26, 2017, Defendant AI Automotive Group Systems filed a motion to dismiss the original complaint. Doc. 8. Pursuant to Fed. R. Civ. P. 15(a)(1)(B), *pro se* Plaintiff filed an amended complaint on October 6, 2017. Doc. 9. "An amended complaint supersedes the original pleading" and, therefore, motions seeking dismissal of an original complaint are generally moot following the filing of an amended complaint." *O'Malley v. NaphCare, Inc.*, No. 3:12-CV-326, 2013 WL 1438028, at *2 (S.D. Ohio Apr. 9, 2013) (citing *Yates v. Applied Performance Techs., Inc.*, 205 F.R.D. 497, 499 (S.D.Ohio 2002)).

---

[1] Attached hereto is a NOTICE to the parties regarding objections to this Report and Recommendation.

Following *pro se* Plaintiff's filing of his amended complaint, Defendant AI Automotive Group Systems filed a motion to dismiss the amended complaint. Doc. 10. On November 21, 2017, the Court: (1) adopted the undersigned's Report and Recommendation (doc. 12); (2) denied Defendant's original motion to dismiss (doc. 8) as moot; (3) granted Defendants' motion to dismiss the amended complaint (doc. 10); (4) dismissed *pro se* Plaintiff's amended complaint (doc. 9); and (5) terminated the case on the Court's docket. Doc. 15.

*Pro se* Plaintiff now seeks relief under Fed. R. 60(a), arguing that the Court's order is confusing. Docs. 18, 19.[2] Pursuant to Rule 60(a), "[t]he court may correct a clerical mistake or a mistake arising from oversight or omission whenever one is found in a judgment, order, or other part of the record." Finding no mistake in the Court's Order (doc. 15), the undersigned **RECOMMENDS** that *pro se* Plaintiff's motions (docs. 18, 19) be **DENIED** and that this case remain **TERMINATED** on the Court's docket.

Date:  December 18, 2017              s/ Michael J. Newman
                                                      Michael J. Newman
                                                      United States Magistrate Judge

---

[2] *Pro se* Plaintiff has filed two identical motions in this regard. Docs. 18, 19.

**NOTICE REGARDING OBJECTIONS**

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within **FOURTEEN** days after being served with this Report and Recommendation. This period is not extended by virtue of Fed. R. Civ. P. 6(d) if served on you by electronic means, such as via the Court's CM/ECF filing system. If, however, this Report and Recommendation was served upon you by mail, this deadline is extended to **SEVENTEEN DAYS** by application of Fed. R. Civ. P. 6(d). Parties may seek an extension of the deadline to file objections by filing a motion for extension, which the Court may grant upon a showing of good cause.

Any objections filed shall specify the portions of the Report and Recommendation objected to, and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendation is based, in whole or in part, upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs.

A party may respond to another party's objections within **FOURTEEN** days after being served with a copy thereof. As noted above, this period is not extended by virtue of Fed. R. Civ. P. 6(d) if served on you by electronic means, such as via the Court's CM/ECF filing system. If, however, this Report and Recommendation was served upon you by mail, this deadline is extended to **SEVENTEEN DAYS** by application of Fed. R. Civ. P. 6(d).

Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn,* 474 U.S. 140, 153-55 (1985); *United States v. Walters*, 638 F.2d 947, 949-50 (6th Cir. 1981).